# STATE ex rel. J. W. SMITH v. ORIN DANIELS.[1]

June 7, 1912.

Nos. 17,653—(20).

**Case followed.**

Upon the petition of J. W. Smith, the district court for Polk county issued its writ of habeas corpus directed to the sheriff of that county. The sheriff made return that relator was detained in custody by virtue of a criminal warrant. The relator demurred to the return of the sheriff on the ground that the return did not state facts sufficient to constitute a public offense. The matter was heard upon the petition and writ, return of sheriff, and demurrer of relator to the return, by Watts, J., who sustained the demurrer and discharged the relator from custody of the sheriff. From an order sustaining the demurrer of relator to the return, and discharging relator from the custody of the sheriff, the sheriff appealed. Affirmed.

*F. A. Grady* and *M. L. Countryman,* for relator.

*Eric O. Hagen,* for respondent.

PER CURIAM.

This case, argued and submitted with that of State v. Daniels, supra, page 155, 136 N. W. 584, must also be affirmed.

In the instant case the criminal proceeding is sought to be based on section 5173, R. L. 1905, which makes it a gross misdemeanor to require or demand that an employee surrender any natural right, or any right, or privilege of citizenship. But the warrant and complaint designate the right or privilege which relator required the employee to surrender to be that of his membership in a labor organization, thus bringing the prosecution within section 5097, R. L. 1905.

Order affirmed.

[1] Reported in 136 N. W. 587.